**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1491-19

APARNA L. DAS,

     Plaintiff-Respondent,

v.

SANJAY K. DAS,

     Defendant-Appellant.

_____

Argued February 9, 2022 – Decided February 24, 2022

Before Judges Gilson, Gooden Brown, and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FM-11-0609-16.

Daniel K. Newman argued the cause for appellant.

Amie E. DiCola argued the cause for respondent (Fusco & Macaluso, PC, attorneys; Amie E. DiCola, on the brief).

PER CURIAM

Defendant appeals a supplemental final judgment of divorce, which was entered after the trial judge had stricken defendant's answer and counterclaim for failure to comply with a court order, had entered default on behalf of plaintiff, and had conducted an evidentiary hearing. We affirm the judgment substantially for the reasons set forth in Judge Robert Lougy's comprehensive, written decision. We add only the following brief remarks.

Defendant faults Judge Lougy for entering default and proceeding to final judgment by default. We see no merit in that argument. After defendant failed to comply with a May 1, 2018 order directing defendant to submit to a diagnostic evaluation with a court-appointed expert, Judge Lougy issued an order on September 17, 2018, noting defendant's failure to comply with the May 1, 2018 order and again directing him to cooperate with the evaluation. The judge expressly placed defendant on notice of the consequences of failing to comply, providing in the order that "[i]f defendant fails to comply with Paragraph 1 of this [o]rder, the [c]ourt will strike his pleadings, enter default on behalf of plaintiff, and schedule a default hearing." When defendant again failed to comply with his order, consistent with the notice he had given defendant, Judge Lougy entered an order on October 19, 2018 striking defendant's answer and counterclaim, entering default, and scheduling a "default hearing" to take place

A-1491-19

on December 10, 2018, which was the previously scheduled first day of trial. While we recognize that striking a pleading may be "a remedy of last resort," Aetna Life & Cas. Co. v. Imet Mason Contractors, 309 N.J. Super. 358, 369 (App. Div. 1998), we discern no abuse of discretion in Judge Lougy's decision to strike defendant's pleadings and enter default given defendant's persistent and continued non-compliance during this case and the time and opportunities the judge had given him.

Defendant contends Judge Lougy erred in "failing to vacate the default judgment under R[ule] 4:50-1 and the case law interpretation thereof." That argument is fundamentally flawed. Defendant never filed a motion to vacate default judgment under Rule 4:50-1. On or near the eve of the default hearing, defendant filed an order to show cause, seeking an order vacating the default entered against him, reinstating his pleadings, and striking plaintiff's pleadings. Judge Lougy denied that application, finding plaintiff had done nothing to warrant the striking of her pleadings and that defendant's "11th hour gesture of compliance" was an "effort . . . to delay the proceeding and not move the matter substantively forward" and did not "constitute[] a basis to vacate default." We discern no abuse of discretion in Judge Lougy's denial of defendant's application.

A-1491-19

Defendant's remaining arguments are likewise unpersuasive. "In our review of a non-jury trial, we defer to a trial judge's factfinding 'when supported by adequate, substantial, credible evidence.'" Slutsky v. Slutsky, 451 N.J. Super. 332, 343-344 (App. Div. 2017) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). "We also note proper factfinding in divorce litigation involves the Family Part's 'special jurisdiction and expertise in family matters,' which often requires the exercise of reasoned discretion." Id. at 344 (quoting Cesare, 154 N.J. at 413). "Reversal is warranted when the trial court's factual findings are 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Defendant has not met that standard. We see no reason to disturb Judge Lougy's findings, which were supported by adequate, credible evidence and based on a correct interpretation of the law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1491-19